UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 OCT 27  P 3: 54

| | |
|---|---|
| PASTOR HOMAR | : |
| | :  PRISONER |
| v. | :  Case No.  3:02CV1795(AHN) |
| | : |
| GLAXOSMITHKLINE-USA | : |
| ELI LILLY | : |

RULING AND ORDER

Plaintiff commenced this action by complaint dated October 1, 2002. He alleged that the defendants, through their agent, Dr. Michael Honor, were negligent and deliberately indifferent to his medical needs in that they permitted him to overdose on mental health medications. As a result of the improper medication, plaintiff "found himself charged with manslaughter." In his complaint, plaintiff referenced an action filed in state court regarding this same claim.

On October 28, 2002, the court ordered plaintiff to show cause why this case should not be dismissed under the prior pending action doctrine. On December 4, 2002, plaintiff filed his response, with a copy of the complaint he filed in state court. After comparing the two complaints, the court determined that plaintiff was asserting essentially the same claim in both actions and that he had identified no reason why he could not amend his state action to include the defendants named in the

federal complaint. Thus, on December 13, 2002, the court dismissed the action.

By motion dated October 2, 2003, plaintiff moves to reopen this action and amend his complaint. In support of his motion, plaintiff claims that the state court action, Case No. CV-02-0821015-S, was dismissed on November 26, 2002, and implies that the federal case was dismissed because he failed to respond to the court's order.

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff does not identify the subsection he considers applicable here. The court assumes that plaintiff brings this motion pursuant to subsection 6.

As indicated above, plaintiff responded to the court's order on December 4, 2002, and provided a copy of the complaint he filed in state court. Thus, his assumption that the court

dismissed the case because he failed to respond to the order is unfounded. In addition, a review of the docket sheet for plaintiff's state court action reveals that the case has not been dismissed. See www.jud2.state.ct.us/civil_inquiry. Accordingly, the court concludes that plaintiff's request to reopen this case is without merit. Plaintiff's motion to reopen [**doc. #8**] is **DENIED**. Plaintiff should pursue these claims by filing an amended complaint in his state court action.

**SO ORDERED.**

Entered this 23 day of October, 2003, at Bridgeport, Connecticut.

Alan H. Nevas
United States District Judge